**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 25-4366**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LANCE WADE COLE, JR.,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:24-cr-00003-GMG-RWT-45)

―――――――――――

Submitted:  July 16, 2026                          Decided:  July 20, 2026

―――――――――――

Before WILKINSON, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

**ON BRIEF:**  John Brent Easton, BRENT EASTON, Davis, West Virginia, for Appellant. Matthew L. Harvey, United States Attorney, Kyle R. Kane, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Lance Wade Cole, Jr., of conspiracy to possess with intent to distribute and to distribute fentanyl, acetyl fentanyl, methamphetamine hydrochloride, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court sentenced Cole to three years' probation. On appeal, Cole challenges whether the Government presented sufficient evidence to sustain the jury's finding that he was guilty of conspiracy rather than merely participating in a buyer-seller relationship. We affirm.

We review de novo the denial of a motion for judgment of acquittal. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). We will uphold the jury's verdict if, viewing the evidence in the light most favorable to the Government, substantial evidence supports the verdict. *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). In reviewing the evidence, we ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (citation modified). During this inquiry, we may not "assess witness credibility," and we must "assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted). "A defendant bringing a sufficiency challenge therefore bears a heavy burden, and reversal is warranted only where the prosecution's failure is clear." *United States v. Wysinger*, 64 F.4th 207, 211 (4th Cir. 2023) (internal quotation marks omitted).

2

"To establish a drug conspiracy under 21 U.S.C. § 846, the government must prove that (1) the defendant entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § 841(a)(1); (2) that the defendant had knowledge of that conspiracy; and (3) that the defendant knowingly and voluntarily participated in the conspiracy." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (citation modified). Given the "clandestine and covert" nature of conspiracies, the government can prove the existence of a conspiracy by circumstantial evidence alone. *United States v. Burgos,* 94 F.3d 849, 857 (4th Cir. 1996) (en banc). A mere buyer-seller relationship is insufficient to support a conspiracy conviction. *United States v. Hackley,* 662 F.3d 671, 679 (4th Cir. 2011). However, such evidence "is at least relevant (i.e. probative) on the issue of whether a conspiratorial relationship exists." *Id.* (internal quotation marks omitted). "[E]vidence of continuing relationships and repeated transactions can support the finding that there was a conspiracy, especially when coupled with substantial quantities of drugs." *United States v. Reid,* 523 F.3d 310, 317 (4th Cir. 2008) (citing *Burgos,* 94 F.3d at 858).

Applying these standards, we conclude that Cole has not met his "heavy burden" of showing that his conviction was not supported by substantial evidence. *United States v. Davis*, 75 F.4th 428, 437 (4th Cir. 2023). At trial, the Government proffered that Cole picked up drug orders for others and for himself in large quantities, evidenced by Facebook messages from the head of the conspiracy, Gary Brown. As verified in the messages, one of the buyers—Gerri Burnham—instructed Brown that her friend, "Lanney," was picking up a purchase of drugs for her; she described him as a man matching Cole's physical

3

description and driving a Dodge Neon, which Cole owned.  (J.A. 123-24).[*]  Brown also communicated with another buyer, Millard Engle, who informed Brown that Engle would be sending "Lanney" with $450 for a drug supply.  (J.A. 128).

Later, Cole directly sent Facebook messages to Brown, asking to purchase drugs. Brown responded that he required at least $300 in purchases, to which Cole responded, "Yeah, I know the rules," and indicated that he had coordinated with Brown in the past with Engle and Burnham.  (J.A. 366).  He also indicated that he had acquired drugs from another customer of Brown's, A.J. Jenkins.  In later messages, Cole stated that he had to cancel a transaction because "my things didn't go fast enough.  Had to wait until I got a few bucks."  (J.A. 368).  At trial, law enforcement testified that Cole was referring to the redistribution of narcotics.  Cole's direct transactions with Brown yielded 700 capsules for $4,200 over three transactions in less than four weeks.  One transaction was photographed by investigators.  Cole had no reportable wages during this time.

Viewing the evidence in the light favorable to the Government, we discern no evidentiary insufficiency here.  While Cole disputes his role in the overarching conspiracy, which involved over a hundred buyers, "a conspiracy can have an elusive quality and . . . a defendant may be convicted of conspiracy with little or no knowledge of the entire breadth of the criminal enterprise."  *Burgos*, 94 F.3d at 858.  Further, "[o]nce the government has proven a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy to support conviction."  *United States v. Ath*, 951 F.3d

---

[*] "J.A." refers to the Joint Appendix filed by the parties in this appeal.

4

179, 186 (4th Cir. 2020) (internal quotation marks omitted).  Here, that connection is established in multiple ways, including Cole's role as a conduit between Brown and other buyers and his role as a buyer directly from Brown in quantities high and frequent enough to suggest an intent to further distribute the controlled substances.  *See United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008) ("Evidence of a buy-sell transaction coupled with a substantial quantity of drugs would support a reasonable inference that the parties were coconspirators.") (citation modified).  We therefore conclude that sufficient evidence supports the jury's verdict.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*